IN RE Petition for DISCIPLINARY ACTION AGAINST Jennifer CASANOVA-ROERS, a Minnesota Attorney, Registration No. 0332690.

A17-1011

Supreme Court of Minnesota.

Dated: October 17, 2017

ORDER

By order dated August 8, 2017, we suspended respondent Jennifer Casanova-Roers from the practice of law for a minimum of 60 days, effective August 22, 2017. Respondent has filed an affidavit seeking reinstatement in which she states that she has fully complied with the terms of the suspension order, except for successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Effective October 21, 2017, respondent Jennifer Casanova-Roers is conditionally reinstated to the practice of law in the State of Minnesota, subject to her successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor within 14 days of the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file

written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e) Respondent shall initiate and maintain office procedures that ensure prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis; and

(f) Within 30 days of the date of this order, respondent shall provide the Director and the probation supervisor, if any, a written plan outlining the office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

2. By August 8, 2018, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to do so shall result in automatic resuspension, pending proof of successful completion of the examination, under Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____

David R. Stras
Associate Justice